Elton S. Stinson and Alta B. Stinson v. Commissioner.
Stinson v. Commissioner
Docket No. 67009.
United States Tax Court
T.C. Memo 1958-151; 1958 Tax Ct. Memo LEXIS 75; 17 T.C.M. (CCH) 761; T.C.M. (RIA) 58151; August 12, 1958
Elton S. Stinson, 1589 Alta Glen Drive, San Jose, Calif., pro se. Leslie T. Jones, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income taxes for the calendar year 1952 in the *76 sum of $532.30. The point in issue is the proper treatment of a loss from the sale of a farm in 1951. Findings of Fact Petitioners filed their income tax return for the year ended December 31, 1952, with the district director of internal revenue at San Francisco, California. During the taxable year petitioner Elton S. Stinson (hereinafter referred to as the petitioner) was employed as a teacher at the San Jose State College in San Jose, California, and resided in that city. In 1919 he acquired 80 acres of land in the Yakima Valley in the State of Washington and between 1924 and 1929 he acquired other lands in this area. He moved to California in 1929. In 1946 he and his family returned to the State of Washington to inspect his land. In the course of the trip to Washington, an automobile accident occurred which resulted in the death of petitioner's then wife. In September 1946, petitioner decided to sell the Washington property. The land was subsequently sold and payment therefor received in 1951. Petitioner was influenced in selling the property at the time he did by reason of certain regulations of the U.S. Reclamation Service which he regarded as arbitrary and improper. After *77 adjustment for the cost of disposition, petitioner suffered a net loss of $4,400 on this sale. On their 1951 income tax return this loss was considered an ordinary loss by petitioner and his wife. On their 1951 income tax return they added the $4,400 loss occasioned by the sale of the Yakima, Washington, farm to the deductions attributable to their operation of a farm at a loss of $2,452. This total of $6,852 was then deducted from petitioner's salary paid him by the San Jose State College in the sum of $7,327 which resulted in a net figure of $475. Petitioner and his wife then totaled the further deductions and exemptions claimed on the return and reached a net loss figure of $5,060. On their 1952 income tax return, they claimed a carryover from the year 1951 in the amount of $4,860. They reported no capital transactions. The Commissioner in his determination of a deficiency for the taxable year 1952 held that the loss suffered in 1951 was a capital loss and allowable to the extent of 50 per cent thereof, viz., $2,200. As petitioner and his wife had no capital gains in 1951, only $1,000 of the loss was allowed as a deduction against ordinary income for 1951, leaving $1,200 to *78 be carried over to later years. Respondent allowed a carryover of $1,000 for 1952 and otherwise denied the claimed carryover. Opinion ARUNDELL, Judge: The real point in dispute is the proper treatment of a loss from the sale of a farm in Yakima County in the State of Washington. Petitioner Elton S. Stinson, who represented himself in the trial of the case, argues that the loss from the sale should be treated as an ordinary loss and allowable in full and not a capital loss, as he was impelled to make the sale because of certain arbitrary regulations of the U.S. Reclamation Service, which service had furnished the irrigation system that serviced the land in question. Whatever may have been the reason which prompted the sale, we think there is no question but that the loss suffered was a capital loss and its tax consequences are governed by section 117 of the Internal Revenue Code of 1939. The admitted loss of $4,400 is therefore allowable under section 117(b) only to the extent of 50 per cent as the property had been held for more than 6 months. As petitioner had no capital gains in the year 1951, only $1,000 of the allowable $2,200 loss was deductible against ordinary income under *79 section 117(d)(2). Respondent having allowed the $1,000 loss in 1951, there remains $1,200 which is subject to the carryover provisions of section 117(e) and, as petitioner had no capital gains in 1952, the carryover was allowable only to the extent of $1,000, which amount is the maximum which may be allowed as a deduction against ordinary income. See also section 23(g), I.R.C. 1939. We think the treatment accorded petitioners by the respondent is clearly in accordance with the statute and his determination must be sustained. Petitioners' arguments in our opinion are addressed to the policy of the law rather than to the law as Congress has given it to us. Decision will be entered for the respondent.